# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

SPECIAL COUNSEL
EX REL. STEVEN MCDANIEL,
           Petitioner,

      v.

DEPARTMENT OF VETERANS
  AFFAIRS,
           Agency.

DOCKET NUMBER
CB-1208-23-0006-U-2

DATE: May 24, 2023

## THIS STAY ORDER IS NONPRECEDENTIAL[1]

Dustin Seth Frankel, Esquire, Washington, D.C., for the petitioner.

Katherine W. Krems, Esquire, Washington, D.C., for the relator.

Glen E. Woodworth, Esquire, Anchorage, Alaska, for the agency.

Theodore M. Miller, Seattle, Washington, for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

**ORDER ON STAY EXTENSION REQUEST**

¶1 Pursuant to 5 U.S.C. § 1214(b)(1)(B), the Office of Special Counsel (OSC) requests a 60-day extension of the previously granted stay of the probationary termination of Mr. McDaniel by the Department of Veterans Affairs (agency) while OSC completes its investigation and legal review of the matter and determines whether to seek corrective action. For the reasons discussed below, OSC's request is GRANTED.

**BACKGROUND**

¶2 On April 6, 2023, OSC filed a 45-day initial stay request of the probationary termination of Mr. McDaniel based on alleged misconduct. *Special Counsel ex rel. Steven McDaniel v. Department of Veterans Affairs*, MSPB Docket No. CB-1208-23-0006-U-1, Stay Request File, Tab 1. In its initial stay request, OSC argued that it had reasonable grounds to believe that the agency's action was in retaliation for Mr. McDaniel's protected activity under 5 U.S.C. § 2302(b)(8) and (b)(9)(C). *Id.* On April 10, 2023, OSC's initial stay request was granted through and including May 24, 2023. *Special Counsel ex rel. Steven McDaniel v. Department of Veterans Affairs*, MSPB Docket No. CB-1208-23-0006-U-1, Order on Stay Request, ¶¶ 1, 10 (Apr. 10, 2023).

¶3 On May 9, 2023, OSC filed a timely request to extend the stay for an additional 60 days. *Special Counsel ex rel. Steven McDaniel v. Department of Veterans Affairs*, MSPB Docket No. CB-1208-23-0006-U-2, Stay Request File (U-2 SRF), Tab 1. The agency filed a response to OSC's extension request, explaining, among other things, that it does not oppose OSC's request but reserves the right to comment and oppose future requests.[2] U-2 SRF, Tab 2 at 4-5.

---

[2] The agency's response was filed 1 day after the May 16, 2023 deadline. However, because we are granting OSC's request and the agency is not objecting to an extension, we do not reach the timeliness issue.

## ANALYSIS

¶4　　　A stay granted pursuant to 5 U.S.C. § 1214(b)(1) is issued to maintain the status quo ante while OSC and the agency involved resolve the disputed matter. *Special Counsel v. Department of Transportation*, 74 M.S.P.R. 155, 157 (1997). The purpose of the stay is to minimize the consequences of an alleged prohibited personnel practice. *Id.* In evaluating a request for an extension of a stay, the Board will review the record in the light most favorable to OSC and will grant a stay extension request if OSC's prohibited personnel practice claim is not clearly unreasonable. *Id.* at 158. The Board may grant the extension for any period that it considers appropriate. 5 U.S.C. § 1214(b)(1)(B); *Special Counsel ex rel. Waddell v. Department of Justice*, 105 M.S.P.R. 208, ¶ 3 (2007).

¶5　　　In its stay extension request, OSC asserts that it continues to have reasonable grounds to believe that Mr. McDaniel's probationary termination constitutes a prohibited personnel practice pursuant to 5 U.S.C. §§ 2302(b)(8) and (b)(9)(C), and it states that its investigation is ongoing. U-2 SRF, Tab 1 at 7-8. OSC explains the actions it has taken thus far, to include, among other things, serving the agency with a request for information, which the agency has partially responded to, conducting seven witness interviews, and serving the agency with a supplemental request for information based on those interviews. *Id.* at 5. OSC requests this extension to allow the agency to produce the requested information and for OSC to conduct additional necessary witness interviews, review and assess the full evidentiary record, and determine whether further action is warranted. *Id.* at 5-8.

¶6　　　Viewing the record in the light most favorable to OSC, and considering the fact that the evidentiary record supporting OSC's initial stay request does not appear to have changed materially since the initial stay was granted, an extension of the stay is not clearly unreasonable to allow OSC time to continue its investigation, attempt a resolution of this matter, and, if necessary, pursue

corrective action before the Board. *Special Counsel v. Small Business Administration*, 73 M.S.P.R. 12, 13-14 (1997).

¶7 Finally, a separate determination must be made on the length of a requested stay. *Waddell*, 105 M.S.P.R. 208, ¶ 5. It is the intent of Congress that stays not be extended for prolonged periods of time. *Special Counsel v. Department of the Treasury*, 71 M.S.P.R. 419, 421 (1996). Moreover the Board is obligated to press OSC to present corrective action cases in a timely manner. *Id.* Nevertheless, this is OSC's first extension request in this matter, and the agency does not oppose the request. U-2 SRF, Tab 2. Accordingly, in light of these factors, we find that a 60-day extension of the stay is warranted, and we therefore grant OSC's request.

## ORDER

¶8 Pursuant to 5 U.S.C. § 1214(b)(1)(B), a 60-day extension of the stay is hereby GRANTED, and it is ORDERED as follows:

(1) The stay issued on April 10, 2023, is extended through and including July 23, 2023, on the terms and conditions set forth in that Order;

(2) The agency shall not effect any changes in Mr. McDaniel's duties or responsibilities that are inconsistent with his salary or grade level, or impose upon him any requirement which is not required of other employees of comparable position, salary, or grade level;

(3) Within 5 working days of this Order, the agency shall submit evidence to the Clerk of the Board showing that it has complied with this Order;

(4) Any request for an extension of this stay pursuant to 5 U.S.C. § 1214(b)(1)(B) and 5 C.F.R. § 1201.136(b) must be received by the Clerk of the Board and the agency, together with any further evidentiary support, on or before July 7, 2023; and

(5) Any comments on such a request that the agency wants the Board to consider pursuant to 5 U.S.C. § 1214(b)(1)(C) and 5 C.F.R.

§ 1201.136(b) must be received by the Clerk of the Board on or before July 14, 2023.

FOR THE BOARD:          /s/ for _____

                                      Jennifer Everling
                                      Acting Clerk of the Board

Washington, D.C.